P5S3RIV1

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          24 Cr. 203 (LTS)

5    CARMEN RIVERA,

6                   Defendant.

7    ------------------------------x         Plea

8                                            New York, N.Y.
                                             May 29, 2025
9                                            10:00 a.m.

10

     Before:
11
                         HON. LAURA TAYLOR SWAIN,
12
                                             District Judge
13

14                         APPEARANCES

15   JAY CLAYTON
          United States Attorney for the
16        Southern District of New York
     CATHERINE E. GHOSH
17        Assistant United States Attorney

18   ANTHONY CECUTTI
     KESTINE THIELE
19        Attorneys for Defendant

20

21

22

23

24

25

P5S3RIV1

1          THE DEPUTY CLERK:  This case is United States of

2    America v. Rivera.

3          THE COURT:  Good morning, counsel.  Would you please

4    introduce yourselves.

5          MS. GHOSH:  Good morning, your Honor.  Catherine Ghosh

6    for the United States.

7          THE COURT:  Good morning, Ms. Ghosh.

8          MR. CECUTTI:  Good morning, your Honor.  Anthony

9    Cecutti and Kestine Thiele for Carmen Rivera who is present and

10   seated between us.

11         THE COURT:  Good morning, Mr. Cecutti and Ms. Thiele,

12   and good morning, Ms. Rivera.

13         THE DEFENDANT:  Good morning.

14         THE COURT:  Ms. Rivera, is there a family member or

15   friend of yours in the courtroom today?

16         THE DEFENDANT:  My best friend, Vic Castro.

17         THE COURT:  Good morning.  Thank you for coming to

18   court today.

19         We are here today because I've been informed that

20   Ms. Rivera has an application to withdraw her plea of not

21   guilty and plead guilty to Count One of the two-count

22   indictment that is captioned 24 Cr. 203.

23         Is that correct, Mr. Cecutti?

24         MR. CECUTTI:  That is correct, your Honor, and it is

25   also pursuant to a plea agreement with the government.

P5S3RIV1

```
 1              THE COURT:  That was going to be my next question.
 2   So, is the plea pursuant to an agreement with a printed date of
 3   May 2, 2025, and an execution date of May 28, 2025?
 4              MR. CECUTTI:  Yes.
 5              THE COURT:  And do you have an executed copy of the
 6   agreement there at defense table that has been marked as
 7   Government Exhibit 1?
 8              MR. CECUTTI:  Yes.
 9              THE COURT:  And do you also have at defense table an
10   executed advice of rights form marked as Court Exhibit 1?
11              MR. CECUTTI:  Yes.
12              THE COURT:  So at the end of the proceeding, the plea
13   agreement, Government Exhibit 1, will go back to Ms. Ghosh, and
14   the advice of rights form, Court Exhibit 1, will go back to
15   Ms. Ng.  But for now you'll need them there.
16              Ms. Ghosh, would you please make a statement as to the
17   government's victim identification and notification activity in
18   connection with today's proceeding.
19              MS. GHOSH:  Yes, your Honor.  The victim in this case
20   is the New York City Housing Authority or NYCHA, and they are
21   aware of the proceeding through the New York City Department of
22   Investigation NYCHA Office of the Inspector General.
23              (Continued on next page)
24
25
```

P5sWriv2

 1          THE COURT:  Thank you.

 2          Ms. Rivera, before I accept your guilty plea, there

 3  are a number of questions that I must ask you while you're

 4  under oath to assure that the plea is valid.  At times I may

 5  cover a point more than once, and I may cover matters that were

 6  also addressed in the advice-of-rights form that you have seen.

 7  If I do that, it is because it is very important that you

 8  understand what is happening here today.  In that regard, if

 9  you don't understand something that I ask you, please say so

10  and I will reword the question, or you may speak with your

11  attorney.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Please stand now to take the oath.

15          (Defendant sworn)

16          THE COURT:  Thank you.

17          Please remain standing for a moment.

18          Please state your full name for the record.

19          THE DEFENDANT:  Carmen Rivera.

20          THE COURT:  Ms. Rivera, do you understand that you

21  have solemnly promised to tell the truth and that if you answer

22  any of my questions falsely, your false or untrue answers may

23  later be used against you in another prosecution for perjury or

24  making a false statement?

25          THE DEFENDANT:  Yes.

P5sWriv2

1              THE COURT:  You can be seated for the next portion of

2      the proceeding.

3              What is your age, ma'am?

4              THE DEFENDANT:  55.

5              THE COURT:  And how far did you go in school?

6              THE DEFENDANT:  11th grade.

7              THE COURT:  How old were you when you stopped your

8      formal education?

9              THE DEFENDANT:  I believe I was 17 or 18.

10             THE COURT:  Are you able to speak, read and understand

11     the English language well?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Are you a citizen of the United States?

14             THE DEFENDANT:  Yes.

15             THE COURT:  How did you become a citizen?

16             THE DEFENDANT:  I was born in Puerto Rico.

17             THE COURT:  Are you now or have you recently been

18     under the care of a doctor or a psychiatrist?

19             THE DEFENDANT:  No.

20             THE COURT:  Have you ever been treated or hospitalized

21     for any mental illness or for any type of addiction, including

22     drug or alcohol addiction?

23             THE DEFENDANT:  No.

24             THE COURT:  I'll need you to speak up a little bit

25     more.

P5sWriv2

1            Mr. Cecutti, maybe you can pull the microphone a

2      little bit closer.

3            Thank you.

4            Have you ever been addicted to any drugs or alcohol?

5            THE DEFENDANT:  No.

6            THE COURT:  In the past 24 hours, have you taken any

7      drugs, medicine or pills or had any alcohol to drink?

8            THE DEFENDANT:  Just high blood pressure medicine.

9            THE COURT:  And have you taken that on your regular

10     schedule?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Does that medicine affect your ability to

13     think clearly?

14            THE DEFENDANT:  No.

15            THE COURT:  Does it have any negative effect on your

16     ability to make important decisions for yourself?

17            THE DEFENDANT:  No.

18            THE COURT:  In the past 24 hours, have you smoked

19     anything?

20            THE DEFENDANT:  No.

21            THE COURT:  Is your mind clear today?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Are you feeling well physically today?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Are you represented by a lawyer here

P5sWriv2

1    today?

2             THE DEFENDANT:  Yes.

3             THE COURT:  What is your lawyer's name?

4             THE DEFENDANT:  Anthony and Kristin.

5             THE COURT:  Mr. Cecutti, do you have any doubt as to

6    Ms. Rivera's competence to enter a plea at this time?

7             MR. CECUTTI:  No, your Honor.

8             THE COURT:  Ms. Ghosh, do you have any doubt as to

9    Ms. Rivera's competence to enter a plea at this time?

10            MS. GHOSH:  No, your Honor.

11            THE COURT:  Ms. Rivera, your attorney has informed me

12   that you want to withdraw your plea of not guilty and plead

13   guilty.

14            Do you wish to plead guilty?

15            THE DEFENDANT:  Yes.

16            THE COURT:  Have you fully discussed your case with

17   your attorney, including the charge to which you intend to

18   plead guilty and any defenses that you may have to that charge?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Have you and your attorneys also discussed

21   the consequences of pleading guilty?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Are you satisfied with your attorneys and

24   their representation of you?

25            THE DEFENDANT:  Yes.

P5sWriv2

1          THE COURT:  On the basis of Ms. Rivera's responses to

2     my questions and my observations of her demeanor, I find that

3     Ms. Rivera is fully competent to enter an informed plea at this

4     time.

5          Before I accept your plea, I am going to ask you some

6     more questions.  These questions are intended to satisfy the

7     Court that you want to plead guilty because you are, in fact,

8     guilty and that you fully understand your rights and the

9     consequences of your plea.

10          I will now describe to you certain rights that you

11     have under the Constitution and laws of the United States.

12     You'll be giving up these rights if you plead guilty.  Please

13     listen carefully.  If you don't understand something that I'm

14     saying or describing, stop me and I or your attorney will

15     explain it more fully.

16          Under the Constitution and laws of the United States,

17     you have the right to a speedy and public trial by a jury on

18     the charges against you that are in the indictment.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand that you have the right

22     to plead not guilty and to continue to plead not guilty to each

23     of the charges?

24          THE DEFENDANT:  Yes.

25          THE COURT:  If there were a trial, you would be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P5sWriv2

     1    presumed innocent and the government would be required to prove

     2    you guilty by competent evidence and beyond a reasonable doubt.

     3    You would not have to prove that you were innocent at a trial.

     4              Do you understand that?

     5              THE DEFENDANT:  Yes.

     6              THE COURT:  If there were a trial, a jury composed of

     7    12 people selected from this district would have to agree

     8    unanimously in order to find you guilty.

     9              Do you understand that?

    10              THE DEFENDANT:  Yes.

    11              THE COURT:  If there were a trial, you would have the

    12    right to be represented by an attorney at the trial and at all

    13    other stages of the proceedings, and if you could not afford

    14    one, an attorney would be provided to you free of cost.

    15              Do you understand that?

    16              THE DEFENDANT:  Yes.

    17              THE COURT:  If there were a trial, you would have the

    18    right to see and hear all of the witnesses against you, and

    19    your attorney could cross-examine them.  You would also have

    20    the right to have your attorney object to the government's

    21    evidence and offer evidence on your behalf if you so desired.

    22              In addition, you would have the right to have

    23    witnesses required to come to court to testify in your defense,

    24    and you would have the right to testify yourself, but you would

    25    not be required to testify.

P5sWriv2

```
 1              Do you understand all of that?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Do you understand that if there were a

 4    trial and you decided not to testify, no adverse inference

 5    could be drawn against you based on your decision not to

 6    testify?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Do you understand that if you were

 9    convicted at a trial, you would have the right to appeal that

10    verdict?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Do you understand each and every one of

13    the rights that I've asked you about?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Do you have any questions about any of

16    these rights?

17              THE DEFENDANT:  No.

18              THE COURT:  Do you understand that by pleading guilty

19    today, you will be giving up each and every one of these

20    rights?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Do you also understand that you will be

23    giving up any possible claim that your constitutional rights

24    may have been violated?

25              THE DEFENDANT:  Yes.
```

P5sWriv2

1          THE COURT:  And do you understand that if you plead

2    guilty today you will not have a trial?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that by pleading guilty,

5    you will also have to give up your right not to incriminate

6    yourself, because I will ask you questions about what you did

7    in order to satisfy myself that you are guilty as charged, and

8    you will have to admit and acknowledge your guilt?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that you can change your

11   mind right now and refuse to plead guilty?  You don't have to

12   enter this plea if you don't want to for any reason.

13          Do you understand that fully?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you still want to plead guilty?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Have you received a copy of the

18   indictment; that is, the document that has the number 24 Cr.

19   203 at the top that details the charges against you?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you read it?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Have you discussed it with your attorney?

24          THE DEFENDANT:  Yes.

25          THE COURT:  If you want me to, I'll read the

P5sWriv2

1    indictment out loud to you here in court.

2            Would you like me to read Count One of the indictment

3    out loud to you in full?

4            THE DEFENDANT:  No.

5            THE COURT:  The record will reflect that Ms. Rivera

6    has waived the public reading of the indictment.

7            Do you understand that Count One of the indictment

8    charges you with the crime of solicitation and receipt of a

9    bribe, in violation -- just one moment.

10            Sorry.  I have a lot of pieces of paper here.  I just

11    wanted to make sure of something.

12            Yes.  So I'll start that question again.

13            Do you understand that Count One of the indictment

14    charges you with the crime of solicitation and receipt of a

15    bribe, in violation of Title 18 of the United States Code,

16    Section 666(a)(1)(B)?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Do you understand that the government

19    would have to prove each and every part, or element, of this

20    charge beyond a reasonable doubt at trial if you did not plead

21    guilty?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Ms. Ghosh, would you please explain what

24    the government would have to prove if Ms. Rivera did not plead

25    guilty as to Count One.

P5sWriv2

1              MS. GHOSH:  Yes, your Honor.

2              This count has four elements that the government would

3       prove beyond a reasonable doubt:

4              First, that the defendant was an agent of a local

5       government agency that receives in a one-year period benefits

6       in excess of $10,000 under a federal program involving a grant,

7       contract, subsidy, loan, guarantee, insurance or other form of

8       federal assistance -- here, the local government agency being

9       the New York City Housing Authority;

10             Second, that the defendant solicited or demanded for

11      the benefit of any person or accepted or agreed to accept a

12      thing of value from any person;

13             Third, that the defendant intended to be influenced or

14      rewarded in connection with a transaction or series of

15      transactions of NYCHA that involved $5,000 or more; and

16             Fourth, that the defendant acted corruptly.

17             And then the government would also prove by a

18      preponderance of the evidence that venue in the Southern

19      District of New York is proper.

20             THE COURT:  Thank you.

21             Ms. Rivera, do you understand what the government

22      would have to prove if you did not plead guilty?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that the maximum

25      possible penalty for the crime charged in Count One is ten

P5sWriv2

years of imprisonment; plus a fine of the greatest of $250,000,

twice the gain resulting from the offense or twice the loss to

other people resulting from the offense; plus a $100 special

assessment; plus three years of supervised release after your

term of imprisonment; plus full restitution to all persons

injured by your criminal conduct?

THE DEFENDANT:  Yes.

THE COURT:  I will now give you some information and

verify your understanding of the supervised release aspect of

the potential penalty.

Supervised release means that you will be subject to

monitoring when you are released from prison.  Terms and

conditions will be imposed.  If you violate any of the set

terms and conditions, you can be sent back to prison without a

jury trial.  If you are on supervised release and you do not

comply with any of the set terms and conditions, you can be

returned to prison for up to two years.  You'll be given no

credit for the time that you served in prison as a result of

your sentence and no credit for any time spent on postrelease

supervision.

So, for example, if you received a prison term and

then a three-year term of supervised release, and after you

left prison you lived up to the terms of supervised release for

almost three years but then you violated some term of the

supervised release, you could be sent back to prison for two

P5sWriv2

 1    whole years.

 2                Do you understand that?

 3                THE DEFENDANT:  Yes.

 4                THE COURT:  Do you also understand that if I accept

 5    your guilty plea and adjudge you guilty, that adjudication may

 6    deprive you of valuable civil rights, such as the right to

 7    vote, the right to hold public office, the right to serve on a

 8    jury and the right to possess any kind of firearm?

 9                THE DEFENDANT:  Yes.

10                THE COURT:  Under current law there are sentencing

11    guidelines that judges must consider in determining your

12    sentence.

13                Have you spoken to your attorneys about the sentencing

14    guidelines?

15                THE DEFENDANT:  Yes.

16                THE COURT:  Do you understand that in determining your

17    sentence, the Court must calculate the applicable sentencing

18    guidelines range and consider that range, possible departures

19    under the sentencing guidelines and other sentencing factors

20    under Title 18 of the United States Code, Section 3553(a)?

21                THE DEFENDANT:  Yes.

22                THE COURT:  Do you understand that the Court has

23    discretion, while taking the guidelines into account, to

24    sentence you to any period of imprisonment from time served all

25    the way up to the statutory maximum of ten years?

P5sWriv2

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that even though your

3   plea agreement includes a stipulated, or agreed, sentencing

4   guidelines calculation, the Court will not be able to determine

5   your sentence until after a presentence report has been

6   completed by the probation office and you and the government

7   have had a chance to challenge any of the facts reported by the

8   probation office?

9          THE DEFENDANT:  Yes.

10          THE COURT:  I'll need you to keep your voice up a bit,

11   so if you speak as if you expect me to hear you without the

12   microphone --

13          THE DEFENDANT:  OK.

14          THE COURT:  -- that will be perfect.

15          Thank you.

16          Do you understand you may have the right to appeal

17   your sentence under certain circumstances even if your plea

18   agreement provides that you are waiving your right to appeal?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that if your attorney or

21   anyone else has attempted to estimate or predict what your

22   sentence will be, their estimate or prediction could be wrong?

23          THE DEFENDANT:  Yes.

24          THE COURT:  No one, not even your attorney or the

25   government, can or should give you any assurance of what your

P5sWriv2

 1    sentence will be, because your sentence cannot be determined

 2    until after the probation office report is completed and I have

 3    ruled on the challenges to the report and I have determined

 4    what the appropriate sentence is.

 5            Do you understand that?

 6            THE DEFENDANT:  Yes.

 7            THE COURT:  Do you also fully understand that even if

 8    your sentence is different from what your attorney or anyone

 9    else has told you it might be or if it is different from what

10    you expect, you will still be bound to your guilty plea and you

11    will not be allowed to withdraw your guilty plea?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Mr. Cecutti, would you please show

14    Ms. Rivera page 3 of the plea agreement, Government Exhibit 1,

15    and in particular, the paragraph that deals with the stipulated

16    sentencing guidelines range.

17            Ms. Rivera, this agreement provides that the

18    stipulated sentencing guidelines range is from 18 to 24 months

19    of imprisonment.

20            Do you understand that the stipulation does not bind

21    the Court or the probation office as to the facts on which it

22    is based, as to how to apply the guidelines to the facts or as

23    to what will be an appropriate sentence in your case?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you understand that I may decide to

P5sWriv2

1    impose a sentence that is outside of the guideline range?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Are you now serving any state or federal

4    sentence, or are you being prosecuted for any other crime?

5              THE DEFENDANT:  No.

6              THE COURT:  Do you understand that the indictment also

7    includes a forfeiture allegation in which the government

8    asserts that you are required to forfeit to the United States

9    any and all property, real or personal, that constitutes or is

10   derived from proceeds traceable to the commission of your

11   crime, including, but not limited to, a sum of money in United

12   States currency representing the amount of proceeds traceable

13   to the commission of your offense?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Would you please look again at the plea

16   agreement, which is marked as Government Exhibit 1.

17             Have you signed the agreement?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Did you read it before you signed it?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Did you discuss it with your attorneys

22   before you signed it?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And did you fully understand it before you

25   signed it?

P5sWriv2

```
1                THE DEFENDANT:  Yes.

2                THE COURT:  Does the agreement reflect accurately your

3    complete and total understanding of the entire agreement

4    between the government, your attorney and you?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Is everything that you understand about

7    your plea and sentence covered in the agreement?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Has anything been left out?

10               THE DEFENDANT:  No.

11               THE COURT:  Has anyone made any promises to you, other

12   than what is written in that agreement, or threatened you or

13   forced you to plead guilty or enter into the plea agreement?

14               THE DEFENDANT:  No.

15               THE COURT:  Do you understand that, on page 2, the

16   agreement includes a stipulation that you agree that your

17   offense involved more than one bribe?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Do you understand that this fact affects

20   sentencing calculations under the sentencing guidelines?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Do you understand that you're under no

23   obligation to make an agreement with the government as to the

24   number of bribes involved in your offense?

25               THE DEFENDANT:  Yes.
```

P5sWriv2

1          THE COURT:  And do you agree that your offense

2    involved more than one bribe?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that, also on page 2,

5    your agreement includes a stipulation that you agree that the

6    value of the payment, the benefit received or to be received in

7    return for the payment, the value of anything obtained or to be

8    obtained by a public official or other acting with a public

9    official, or the loss to the government from your offense was

10   more than 15,000 but not more than $40,000?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you understand that this fact affects

13   sentencing calculations under the guidelines?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And do you understand that you're under no

16   obligation to make an agreement with the government as to this

17   fact?

18         THE DEFENDANT:  Yes.

19         THE COURT:  And do you agree that the relevant value

20   was more than $15,000 but not more than $40,000?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you understand that pages 1 to 2 of the

23   plea agreement provide that you are admitting the forfeiture

24   allegation in the information and that you agree that you must

25   forfeit to the United States property, including, but not

P5sWriv2

1    limited to, $40,000 in United States currency, representing

2    proceeds traceable to the commission of your offense?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that you're under no

5    obligation to make an agreement with the government as to any

6    amount that you are required to forfeit?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that anything that you

9    do forfeit will not count against any other fine, penalty or

10   restitution that the Court may impose as part of your sentence?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Ms. Ghosh, would you please explain how

13   the forfeiture amount was derived.

14             MS. GHOSH:  Yes, your Honor.

15             It's based on witness testimony and NYCHA records

16   regarding the jobs that the witnesses reported paying

17   Ms. Rivera for, and adding that up, we reached approximately

18   $40,000.

19             THE COURT:  Thank you.

20             And I have been presented today with a proposed

21   consent preliminary order of forfeiture and money judgment

22   providing that Ms. Rivera is required to forfeit $40,000 as

23   proceeds traceable to her crime.

24             Mr. Cecutti and Ms. Thiele, have you thoroughly

25   reviewed the proposed consent preliminary order of forfeiture

P5sWriv2

1    and money judgment?

2            MR. CECUTTI:  Yes.

3            THE COURT:  And have you discussed it fully with

4    Ms. Rivera?

5            MR. CECUTTI:  Yes, we have.

6            THE COURT:  Does the defense have any objection to the

7    form or content of the proposed order?

8            MR. CECUTTI:  No.

9            THE COURT:  And have you and Ms. Rivera signed the

10   proposed order?

11           MR. CECUTTI:  Yes, we have.

12           THE COURT:  Ms. Rivera, have you read the proposed

13   preliminary order of forfeiture?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Have you discussed it with your attorneys?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you understand it?

18           THE DEFENDANT:  Yes.

19           THE COURT:  And do you understand that it requires you

20   to pay $40,000 as forfeiture?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And Ms. Ghosh, have you signed the

23   agreement also?

24           MS. GHOSH:  Yes, your Honor.

25           THE COURT:  I will enter it in connection with today's

P5sWriv2

1    proceeding.

2         Ms. Rivera, do you understand that, on page 4, your

3    plea agreement provides that you will not file a direct appeal

4    or challenge, by petition, pursuant to Title 28 of the United

5    States Code, Section 2255 or any other provision of law, your

6    conviction?

7         THE DEFENDANT:  Yes.

8         THE COURT:  Do you understand that you have no

9    obligation to enter into this stipulation concerning any appeal

10   or challenge of your conviction?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Do you understand that, also on page 4,

13   your plea agreement provides that you are giving up, or

14   waiving, your right to appeal or to litigate or challenge your

15   sentence collaterally, including, but not limited to, an

16   application under 28 U.S.C. Section 2255 or any other

17   provision, if I sentence you to 24 or fewer months of

18   imprisonment?

19        THE DEFENDANT:  Yes.

20        THE COURT:  Do you understand that, also on page 4,

21   your agreement provides that you will not appeal or challenge

22   any term of supervised release that is three years or shorter?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Do you understand that the agreement also

25   provides on page 4 that you will not appeal or challenge any

P5sWriv2

1    condition of supervised release imposed by the Court for which

2    you had notice, including from a recommendation by the

3    probation office in the presentence investigation report, and

4    an opportunity to object?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand that, also on page 4,

7    the agreement provides that you will not appeal or challenge

8    any fine of $75,000 or less?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Do you understand that, on page 2, the

11   plea agreement includes a stipulation that you will be

12   responsible for paying $40,000 in restitution to the victims in

13   this case?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you understand that you're under no

16   obligation to make an agreement with the government as to the

17   amount of your restitution obligation or as to the identity of

18   the victim?

19           THE DEFENDANT:  Yes.

20           THE COURT:  And do you understand that the restitution

21   obligation is in addition to the forfeiture obligation?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Do you understand that your stipulation as

24   to your restitution obligation is not binding on the Court or

25   the probation department and that the amount that you will be

P5sWriv2

1    required to pay as restitution and the identity of your victim

2    or victims will not be determined until the time of sentencing?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  Do you understand that, on page 4, your

5    agreement includes your promise not to appeal or challenge any

6    restitution order of $40,000 or less?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  Do you understand that you're under no

9    obligation to waive your rights to appeal or otherwise litigate

10   any aspect of your sentence?

11                   THE DEFENDANT:  Yes.

12                   THE COURT:  Do you understand that, on pages 4 to 5,

13   the agreement provides that the appeal and collateral challenge

14   waiver provisions that we have just discussed do not affect

15   whatever rights you may have to assert claims of ineffective

16   assistance of counsel, whether on direct appeal, collateral

17   review or otherwise?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  Do you understand that, on page 5, the

20   agreement provides that you are waiving any and all right to

21   withdraw your plea or to attack your conviction or sentence,

22   either on direct appeal or collaterally, on the grounds that

23   the government has failed to produce any discovery material

24   other than information establishing your factual innocence,

25   including Jencks Act material, material pursuant to the Supreme

P5sWriv2

| 1 | Court's *Brady v. Maryland* decision and impeachment materials |

1    Court's *Brady v. Maryland* decision and impeachment materials

2    pursuant to the Supreme Court's *Giglio v. United States*

3    decision, that has not already been produced as of the date of

4    the signing of your plea agreement?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that, on page 3, your

7    agreement provides that you will not move for a downward

8    departure under the sentencing guidelines or seek any

9    adjustment under the guidelines that is not described in the

10   plea agreement but that you can make arguments for a lower

11   sentence under the general sentencing statute that is known as

12   Section 3553(a)?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you understand that even if the

15   government does not oppose or take a position on what your

16   attorney will ask as a sentence, I am free to impose whatever

17   sentence I believe is appropriate under the circumstances and

18   the applicable law, and you will have no right to withdraw your

19   plea?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you still want to plead guilty pursuant

22   to this plea agreement?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Mr. Cecutti, do you know of any valid

25   reason why Ms. Rivera would prevail at trial?

P5sWriv2

```
1              MR. CECUTTI:  No, your Honor.

2              THE COURT:  Do you know of any reason why she should

3    not be permitted to plead guilty?

4              MR. CECUTTI:  No.

5              THE COURT:  Ms. Rivera, would you please stand now and

6    tell me what you did that makes you guilty of the crime to

7    which you're pleading guilty today.

8              THE DEFENDANT:  Between 2019 and 2022, I was an agent

9    at New York City Housing Authority.

10             During that time period I accepted bribes from

11   contractors in exchange for -- in exchange for awarding them

12   for work on housing development.  The value of the NYCHA

13   transaction to which the bribes were related was --

14             THE COURT:  Ms. Rivera, can you speak a little more

15   slowly and just keep your voice up a little more so that I can

16   understand every word.

17             THE DEFENDANT:  OK.  Start all over?

18             THE COURT:  No.  Start from the sentence where you

19   said the something for the New York City Housing Authority.

20             THE DEFENDANT:  The value of NYCHA transactions to

21   which the bribes were related was at least 5,000.

22             While I worked for NYCHA, organization received

23   federal grants in excess of $10,000.

24             I knew that what I was doing was illegal and wrong.

25             I am deeply sorry for what I have done.  I take full
```

P5sWriv2

1    responsibility for my actions, which I regret every day.  I

2    will spend the rest of my life proving I can be a better person

3    to my childrens, grandchildrens and the community.

4                THE COURT:  Thank you, Ms. Rivera.

5                Please keep standing for a minute.

6                I noticed that you were referring to some notes as you

7    were speaking.  How did those notes come to be prepared?

8                THE DEFENDANT:  I prepared them with my lawyer.

9                THE COURT:  And where did the information come from,

10   the facts that you were reading from those notes?

11               You just pointed to yourself, correct?

12               And so you gave that information to your lawyer, and

13   together you crafted that statement.

14               THE DEFENDANT:  Yes.

15               THE COURT:  And so is everything that you've told me,

16   including what you read from that statement, the truth about

17   what you did, what you meant to do and what you knew at the

18   time?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Ms. Ghosh, are there any further factual

21   matters that the government would like Ms. Rivera to include in

22   her factual allocution?

23               MS. GHOSH:  No, your Honor.

24               THE COURT:  Ms. Rivera, you can have a seat.

25               Ms. Ghosh, would you please summarize the government's

P5sWriv2

1    evidence against Ms. Rivera.

2          And I also realize -- Ms. Rivera, what part of the

3    city were you working in when you solicited and received these

4    bribes?

5          THE DEFENDANT:  Manhattan.

6          THE COURT:  Manhattan?

7          Thank you.

8          Ms. Ghosh, would you please summarize the government's

9    evidence.

10         MS. GHOSH:  Yes, your Honor.

11         If this case proceeded to trial, the government would

12   prove the defendant's guilt beyond a reasonable doubt with

13   evidence, including NYCHA records, showing the defendant's

14   employment as an assistant superintendent and superintendent at

15   certain NYCHA housing developments in the Bronx and Manhattan

16   during the time charged in the indictment; testimony from

17   contractors regarding their payments of approximately $40,000

18   to the defendant in exchange for being awarded contracts for

19   NYCHA work worth approximately $197,000; NYCHA records showing

20   contracts assigned to the contractors at developments at which

21   the defendant was employed; NYCHA's human resources manual,

22   which prohibits the solicitation and acceptance of bribes by

23   NYCHA employees; and records and testimony showing that the

24   U.S. Department of Housing and Urban Development provided over

25   $1.5 billion in funding each year to NYCHA during the relevant

P5sWriv2

1   time period.

2           THE COURT:  Thank you, Ms. Ghosh.

3           Ms. Rivera, would you stand again now, please.

4           How do you now plead to the charge against you in

5   Count One of the indictment?  Do you plead not guilty or

6   guilty?

7           THE DEFENDANT:  Guilty.

8           THE COURT:  Are you pleading guilty because you are,

9   in fact, guilty?

10          THE DEFENDANT:  Guilty, yes.

11          THE COURT:  Are you pleading guilty voluntarily and of

12   your own free will?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Would you please look at Court Exhibit 1,

15   which is the advice-of-rights form.

16          Have you signed this form?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Did you read it before you signed it?

19          THE DEFENDANT:  Yes, I did.

20          THE COURT:  Did you discuss it with your attorneys

21   before you signed it?

22          THE DEFENDANT:  Yes.

23          THE COURT:  And did you fully understand it before you

24   signed it?

25          THE DEFENDANT:  Yes.

P5sWriv2

| | |
|---|---|
| 1 | THE COURT:  Mr. Cecutti, did you also review and sign |
| 2 | Court Exhibit 1? |
| 3 | MR. CECUTTI:  Yes, your Honor. |
| 4 | THE COURT:  Mr. Cecutti, are there any further |
| 5 | questions that you believe I should ask Ms. Rivera in |
| 6 | connection with her plea? |
| 7 | MR. CECUTTI:  No, your Honor. |
| 8 | THE COURT:  Ms. Ghosh, are there any other questions |
| 9 | that you believe I should ask in connection with the plea? |
| 10 | MS. GHOSH:  No, your Honor. |
| 11 | THE COURT:  Ms. Rivera, you have acknowledged that you |
| 12 | are guilty as charged in Count One of the indictment.  I find |
| 13 | that you know your rights and that you are waiving them |
| 14 | voluntarily.  Because your plea is entered knowingly and |
| 15 | voluntarily and is supported by an independent basis in fact |
| 16 | containing each of the essential elements of the offense, I |
| 17 | accept your guilty plea, and I adjudge you guilty of the |
| 18 | offense charged in Count One of indictment No. 24 Cr. 203. |
| 19 | Mr. Cecutti, would you like to be present for any |
| 20 | interview of Ms. Rivera in connection with the presentence |
| 21 | report? |
| 22 | MR. CECUTTI:  Yes, please. |
| 23 | THE COURT:  I will make that direction. |
| 24 | You can both be seated. |
| 25 | Ms. Ng, may I have a sentencing date, please. |

P5sWriv2

1          THE DEPUTY CLERK:  Wednesday, October 1, 2025, at 11

2     a.m.

3          THE COURT:  Is everyone available at 11 a.m. on

4     October 1, 2025?

5          MS. GHOSH:  Fine for the government.

6          MR. CECUTTI:  That works, your Honor.  Thank you.

7          THE COURT:  Thank you.

8          The sentencing is set for October 1, 2025, at 11 in

9     the morning.

10          Counsel, please make sure to get any comments or

11     objections back promptly to the probation office upon the first

12     disclosure of the report, and please make your own sentencing

13     submissions in accordance with the procedures in my individual

14     practices rules, which are posted on the court's website.

15          Ms. Ghosh, will you get the government's factual

16     summary to probation within the next two weeks?

17          MS. GHOSH:  Yes, your Honor.

18          THE COURT:  And Mr. Cecutti and Ms. Thiele, would you

19     make sure to be in contact with probation within the next two

20     weeks to promptly schedule the interview.

21          MR. CECUTTI:  Yes, your Honor.

22          THE COURT:  Thank you.

23          Ms. Rivera, the probation office will be preparing a

24     presentence report to assist me in sentencing you.  You'll be

25     interviewed by the probation office.  It is important that the

P5sWriv2

1  information that you give to the probation officer be truthful

2  and accurate.  The report is important in my decision as to

3  what your sentence will be.

4        You and your attorney have a right and will have an

5  opportunity to examine the report, to challenge or comment on

6  it and to speak on your behalf before sentencing.  Failing to

7  be truthful with the probation office and the Court may have an

8  adverse effect on your sentence and may subject you to

9  prosecution.

10        Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Are there any applications with respect to

13  alterations in bail conditions pending sentencing?

14        MS. GHOSH:  Not from the government.

15        THE COURT:  Not from the defense.

16        MR. CECUTTI:  Not from us.  Thank you.

17        THE COURT:  Thank you.

18        The conditions under which Ms. Rivera has been

19  released will be maintained pending sentencing.

20        Ms. Rivera, do you understand that all of the

21  conditions on which you've been released up until now continue

22  to apply and that the consequences of violating any of those

23  conditions can be severe?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Do you also understand that if you fail to

P5sWriv2

1    return to my courtroom for sentencing on the date and time set,

2    you will be guilty of a criminal act for which you could be

3    sentenced to imprisonment separate, apart from and in addition

4    to any other sentence that you might receive for the crime to

5    which you have just pleaded guilty?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Then I will fully expect to see you on the

8    sentencing date.

9           Now, before we adjourn, I'm going to sign the consent

10   preliminary order of forfeiture.

11          Ms. Ng will handle the posting of that order on the

12   docket.

13          Counsel, is there anything further that we need to

14   take up together this morning?

15          MS. GHOSH:  Not from the government.

16          MR. CECUTTI:  No, your Honor.  Thank you.

17          THE COURT:  Thank you.  We are adjourned.  I look

18   forward to seeing you in October.  Stay safe and be well,

19   everyone.

20          Thank you.

21          (Adjourned)

22

23

24

25